| | |
|---|---|
|1| Justin Bernick (Admitted *Pro Hac Vice*)|
|2| **HOGAN LOVELLS US LLP**|
| | 555 Thirteenth Street, N.W.|
|3| Washington, DC 20004-1109|
| | Telephone: (202) 637-5600|
|4| justin.bernick@hoganlovells.com|
|5| |
| | Joshua Grabel (AZ State Bar No. 018373)|
|6| Eric Bryce Kessler (AZ State Bar No. 032182)|
| | **DICKINSON WRIGHT PLLC**|
|7| 1850 North Central Avenue|
| | Suite 1400|
|8| Phoenix, Arizona 85004|
|9| Telephone: (602) 285-5046|
| | jgrabel@dickinsonwright.com|
|10| bkessler@dickinsonwright.com|
|11| |
| | ***Attorneys for Defendant American***|
|12| ***Arbitration Association, Inc.,***|

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Stephens; Joelle Nole; William Hilton; and Eugenie Balogun, *Individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>American Arbitration Association, Inc.,<br><br>Defendant. | Case No.: 2:25-CV-01650-PHX-JJT<br><br>**MOTION TO STAY DISCOVERY**<br><br>**(Oral Argument Requested)** |

Defendant, American Arbitration Association, Inc. ("AAA"), through undersigned counsel, respectfully moves this Court for an Order staying discovery and the parties' disclosure obligations under Fed. R. Civ. P. 26 ("Rule 26") until following this Court's ruling on AAA's pending Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").

Plaintiffs initiated this matter through a Complaint filed on May 15, 2025 [Dkt. 1], which was amended through the filing of a First Amended Complaint on June 18, 2025. [Dkt. 11.] AAA filed its Rule 12(b)(6) Motion to Dismiss on July 22, 2025 ("AAA's Motion to Dismiss"), which seeks dismissal of all claims in the First Amended Complaint based on the following arguments:

1. Plaintiffs fail to allege the essential elements of a predatory pricing claim;
2. Plaintiffs fail to allege an unfair or deceptive act or practice under the asserted state laws;
3. Plaintiffs' claims are barred by the arbitral immunity statutes in all four states where Plaintiffs reside;
4. Plaintiffs fail to allege injury, causation, and redressability necessary for Article III standing;
5. Plaintiffs Stephanie Stephens' and William Hilton's claims should be dismissed because courts already have acknowledged arbitrability of their claims.

[Dkt. 14, 3:13-19.]. AAA further asked for the Court to dismiss the claims with prejudice because based on the facts as alleged, any attempt to amend the Complaint a second time to add a viable claim is futile. [*Id.* at 2:5-6, 17:4-6.] If granted, AAA's Motion would end this case, and no discovery is necessary for this Court to consider the issues raised in AAA's Motion to Dismiss.

On July 24, 2025, Plaintiffs' counsel emailed AAA's counsel with a request to schedule a meeting under Rule 26(f) on either August 12, 14, or 15. AAA's counsel responded on July 25, 2025, requesting that the parties submit a joint motion to stay discovery and the parties' disclosure requirements until this Court rules on AAA's potentially case dispositive Motion to Dismiss. Plaintiffs' counsel responded by refusing to join in such a motion and again demanding a meeting under Rule 26(f). Without waiving any rights to request a stay of discovery and the parties' Rule 26 disclosure obligations, AAA's counsel has agreed to conduct a Rule 26(f) meet-and-confer call with Plaintiffs' counsel on August 14, 2025. Notwithstanding, a stay of discovery and all Rule 26 disclosure obligations is appropriate here under the circumstances.

"Courts may stay discovery for many reasons, including furthering efficiency for itself and the litigants." *Winters v. Loan Depot LLC*, 2021 WL 2581332, *1 (D. Ariz. June 23, 2021) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Where "a pending motion is 'potentially dispositive of the entire case, and if the motion is not dependent on additional discovery, a stay is justified'" as furthering "the goal of efficiency for the courts and litigants." *Id.* at *2 (quoting *Lazar v. Charles Schwab & Co. Inc.*, 2014 WL 12551210, *1 (D. Ariz. Sept. 19, 2014)). In concluding that a stay was appropriate pending resolution of the defendant's motion to dismiss, the *Lazar* Court reasoned as follows:

> The Estate's motion to dismiss is potentially dispositive of the case and presents purely legal arguments. If the Estate's interpretation of the law is correct—that is, if Arizona law applies and if Arizona's ROD statute automatically revoked Ms. Lazar's beneficiary designation regardless of Decedent's intent—then discovery concerning Decedent's intent would be unnecessary and Ms. Lazar would not be entitled to the IRA balance as a matter of law. All parties stand to benefit from a stay of discovery pending resolution of these legal issues. If resolution of the motion to dismiss does not dispose of the case, it will focus the scope of discovery by identifying the governing law and the issues relevant to its application. If resolution of these purely legal issues does dispose of the case, however, a stay will have prevented waste of assets through needless fact discovery.

*Lazar*, 2014 WL 12551210 at *2. The *Winters* Court also noted that factors favoring a stay of discovery also include factors present here, such as where the matter is in its infancy and when the parties have not started discovery nor has the court issued a scheduling order. 2021 WL 2581332 at *2 (finding no prejudice to the plaintiff under such circumstances).

As AAA's Motion to Dismiss seeks dismissal of all claims asserted in the First Amended Complaint with prejudice, it is potentially dispositive of the entire case. The Motion to Dismiss also necessarily raises only legal issues. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("A Rule 12(b)(6) motion tests the legal sufficiency of a claim."). There are no issues of fact for this Court's consideration in ruling on the Motion to Dismiss, nor is discovery appropriate or necessary for its resolution. By the very nature of a motion filed under Rule 12(b)(6), the Court only needs to consider the allegations contained in the First Amended Complaint and whether, if taken as true, those allegations give rise to a cognizable

legal theory upon which Plaintiffs could be entitled to relief. *See id.* ("In deciding such a motion, all material allegations of the complaint are accepted as true….Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.") AAA's Motion to Dismiss satisfies the requirements as set forth in *Winters* and *Lazar* for a stay of discovery.

This case is also in its infancy. Discovery has not yet commenced, the parties have not exchanged disclosure statements under Rule 26, and this Court has not issued its scheduling order. Plaintiffs will suffer no prejudice as a result of a stay. *Cf. Winters*, 2021 WL 2581332 at *2 ("Because the case is still in its infancy and the Court need not resolve any factual issues when deciding the pending motion to dismiss, a stay is appropriate and accomplishes the goal of furthering efficiency."). Staying discovery may, however, prevent the parties, and even this Court in the event there are discovery disputes, from incurring significant time and expense in pursuit of discovery that will be unnecessary if this Court grants AAA's Motion to Dismiss.

## CONCLUSION

For the reasons discussed in this Motion, AAA respectfully moves this Court for its Order staying discovery and all other disclosure obligations under Rule 26, pending resolution of AAA's Motion to Dismiss.

RESPECTFULLY SUBMITTED this 11th day of August, 2025.

**DICKINSON WRIGHT PLLC**

By: */s/ Joshua Grabel*
Joshua Grabel (AZ Bar No. 018373)
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004
(602) 285-5000
jgrabel@dickinsonwright.com

**HOGAN LOVELLS US LLP**
Justin Bernick (Admitted *Pro Hac Vice*)
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
(202) 637-5600
justin.bernick@hoganlovells.com
***Attorney for Defendant American Arbitration Association, Inc.***

**CERTIFICATE OF SERVICE**

I certify that on the 11th day of August, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

/s/ Joshua Grabel